UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY K. BADKE,

    Plaintiff,

v.                                              CASE NO: 8:04-cv-1166-T-23TBM

CERTIFIED RECOVERY
SYSTEMS, LLP,

    Defendant.
_____/

## **ORDER**

United States Magistrate Judge Thomas B. McCoun, III, submits a report and recommendation (Doc. 33) on the defendant's motion (Doc. 19) for partial summary judgment. Neither party files an objection to the report and recommendation, and the time to file objections has expired. Accordingly, the Magistrate Judge's report and recommendation (Doc. 33) is **ADOPTED**. The defendant's motion for summary judgment as to the first and second claims for relief (Doc. 19) is **GRANTED**. The Clerk is directed to enter judgment in favor of the defendant and against the plaintiff on the first and second claims. The Court declines to exercise supplemental jurisdiction over the state claim brought under the Florida Deceptive and Unfair Trade Practices Act. Accordingly, the third claim is **REMANDED**. The Clerk is directed to mail a certified copy of this order to the Clerk of the Circuit Court for Manatee County, Florida, pursuant to 28 U.S.C. § 1447(c).

Pursuant to 15 U.S.C. §1692k, 28 U.S.C. §1927, and Rule 11, Federal Rules of Civil Procedure, the defendant moves (Doc. 34) for attorneys' fees and argues that the plaintiff brought this action in bad faith and for the purpose of harassment.[1]  The plaintiff objects (Doc. 35) and argues that the plaintiff predicated the action on a legitimate legal theory.  For the reasons stated in the plaintiff's objection (Doc. 35), the Court declines to find that this action was brought in bad faith or for the purpose of harassment.[2]  Accordingly, the defendant's motion (Doc. 34) for attorneys' fees is **DENIED**.  The Clerk is directed to (1) terminate any pending motion and (2) close the file.

ORDERED in Tampa, Florida, on June 22, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:  U.S. Magistrate Judge
     Courtroom Deputy

---

[1] The defendant moves for attorneys' fees before entry of final judgment and before a "prevailing party" exists.  However, in the interest of judicial economy and because the plaintiff submits a complete memorandum of law in response, the court will consider the defendant's untimely motion for attorneys' fees.

[2] Although refusing to transform the plaintiff's commercial debt into consumer debt, the Magistrate Judge acknowledges in the report and recommendation (Doc. 33, n. 10) that:

> At least one district court has found that a commercial debt can be transformed into a consumer debt by the debt collector's actions.  See Moore v. Principal Credit Corp., No. 4:96CV338-S-B, 1998 WL 378387, at *2 (N.D. Miss. Mar. 31, 1998) ("If the plaintiffs were not 'consumers' at the time of the purchase, then certainly they became 'consumers' for purposes of the Act once the telephone calls to their home began.").